## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:25-CR-00559-JPB-1 |
| | ) | |
| TRACY DENISE JONES | ) | |

### SENTENCING MEMORANDUM

Ms. TRACY DENISE JONES, pursuant to Fed. R. Crim. P. 32 and 18 U.S.C. § 3553(a), respectfully submits this sentencing memorandum in support of a downward variance in advance of sentencing.

### I.      Statutory Penalties

This Court shall consider "the kinds of sentences available."[1] On February 2, 2026, Ms. Jones pleaded guilty to conspiracy to commit theft of government funds in violation of 18 U.S.C. § 371 (Count One), wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (Count Two), and credit application fraud in violation of 18 U.S.C. §§ 1014 and 2 (Count Three).[2] Count One is punishable by a term of imprisonment not more than five years, a term of supervised release of not more than three years, and a maximum fine of $250,000.[3] Count Two is punishable by a term of imprisonment of not more than twenty years, a term of supervised

---

[1] 18 U.S.C. § 3553(a)(3).

[2] Mins., ECF No 8.

[3] *Id*.

release of not more than three years, and a maximum fine of $250,000.[4] Count

Three is punishable by a term of imprisonment of not more than thirty years, a

term of supervised release of not more than five years, and a maximum fine of

$1,000,000.[5] While the statutory penalties in this matter are significant, the Court

must ultimately impose a sentence that is sufficient, but not greater than

necessary to comply with the purposes of sentencing set forth in 18 U.S.C. §

3553(a). Ms. Jones respectfully submits that the unique mitigating circumstances

present in this case support a downward variance from the advisory guideline

range.

## II.    Sentencing Guidelines

This Court "shall consider . . . the kinds of sentence[s] and sentencing

range[s] established" by the sentencing guidelines.[6] Ms. Jones concurs with the

sentencing guidelines range as Probation calculated in the Presentence

Investigation Report ("PSR"), which is as follows:[7]

---

[4] *Id.*

[5] *Id.*

[6] 18 U.S.C. § 3553(a)(4).

[7] Presentence Investigation Report "PSR" ¶¶ 37–16, Mar. 30, 2026.

| | |
|---|---|
| Base Offense Level | 7 |
| Loss Amount | +6 |
| Sophisticated Means | +2 |
| Organizer Role | +2 |
| Obstruction of Justice | +2 |
| Acceptance of Responsibility | -3 |
| Total Offense Level | 16 |
| Criminal History Score | I(0) |
| Guidelines Range | 21–27 Months |

Ms. Jones has zero criminal history points; however, she did not receive a

Chapter Four decrease for this because she received a role enhancement.[8] Her

criminal history category reflects not merely the absence of prior conviction, but

an otherwise law-abiding and productive life marked by longstanding family

support, community involvement, charitable service, and stable ties to the

community.[9] Ms. Jones accepts responsibility for her conduct and does not

dispute the advisory guideline calculation reflected in the PSR. Rather, she

respectfully submits that the particular circumstances present in this case

warrant a downward variance pursuant to 18 U.S.C. § 3553(a).

III.   **18 U.S.C. § 3553**

   a.   **Nature and Circumstances of the Offense and the History and Characteristics of Ms. Jones (18 U.S.C. § 3553(a)(1))**

      1.   **Nature and Circumstances of the Offense**

Ms. Jones recognizes the serious nature of the offenses before this Court

and the harm her conduct has caused. She accepts full responsibility for the

---

[8] PSR ¶ 45, Mar. 30, 2026.

[9] *See generally* PSR, Mar. 30, 2026.

decisions that led her here and does not seek to minimize the nature of the offenses or the Court's obligation to impose a just sentence.[10] At the time of this offense, Ms. Jones lost perspective and exercised profoundly poor judgment in attempting to address personal and family pressures in an unlawful manner.[11] In doing so, she ignored the legal boundaries and made decisions that she deeply regrets.[12] While those circumstances do not excuse her conduct, they demonstrate the context in which an otherwise law-abiding individual with no criminal history arrived before this Court.

It is important to note that there is no allegation that Ms. Jones engaged in violence, threats, or conduct that suggests she poses a danger to the public.[13] She has remained compliant with all conditions imposed upon her.[14] Prior to sentencing, Ms. Jones will have paid restitution in full, reflecting not only financial accountability but a genuine effort to make amends and accept moral responsibility for the consequences of her actions. While restitution cannot undo the seriousness of the offense conduct, Ms. Jones has made every effort to accept responsibility and repair the harm caused by her actions.

---

[10] PSR ¶ 30, Mar. 30, 2026.

[11] *See generally* PSR, Mar. 30, 2026.

[12] *Id.*

[13] *Id.*

[14] *See generally* Dkt., Dec. 19, 2025.

### 2.    History and Characteristics of Ms. Jones

Long before the conduct giving rise to this case, Ms. Jones established a consistent pattern of service to her family, church, and community.[15] In 2001, she founded New Beginnings Restoration Project, Inc., a nonprofit organization dedicated to supporting young women by teaching essential life skills, and the parent organization of Blaq Diamonds, a mentoring program that taught financial literacy, resume writing, interviewing skills, professional dress, and personal hygiene to young women.[16] Additionally, shortly after Hurricane Katrina, Ms. Jones spent four years volunteering in New Orleans, Louisiana, with The Integral Group, coordinating housing for families to return home.[17]

Ms. Jones is currently a dedicated member of the United House of Prayer for All People, where she serves as chaplain and financial secretary for her auxiliary, managing fundraising efforts, leading prayer, and feeding the hungry by cooking in the church's kitchen.[18] Ms. Jones also currently volunteers with the Ms. Pat Family Foundation, an organization dedicated to bringing Black history back into schools and youth centers in inner-city Atlanta, Georgia.[19]

---

[15] Letter from Tracy Denise Jones to Cathleen Cronce Yetzer, Mar. 30, 2026.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

Ms. Jones' charitable efforts are not isolated acts but reflect the manner in which Ms. Jones lived for years prior to this offense.[20] Ms. Jones also continues to play an important role within her family structure and remains closely involved in the care and support of her loved ones.[21] Multiple letters submitted to the Court describe Ms. Jones as a dependable caregiver, mentor, and source of support within her family and community.[22]

In addition, Ms. Jones is experiencing many ongoing medical issues, including atrial fibrillation ("AFib"), pre-diabetes, high cholesterol, chronic cysts, and several severe allergies, for which she continues to receive treatment and monitoring.[23] The Americans with Disabilities Act requires prisons to avoid discrimination; individually accommodate disability; maximize integration of prisoners with disabilities with respect to programs, services, and activities; and provide reasonable treatment for severe medical and mental-health conditions.[24] However, in practice, prisoners with disabilities face significantly more challenges while in prison than their peers.[25] In addition to the high risks of incarceration experienced by disabled people, being incarcerated can exacerbate

---

[20] *Id.*

[21] PSR ¶ 70, Mar. 30, 2026.

[22] *See Ex.*, Letters in Support.

[23] PSR ¶ 73–76, Mar. 30, 2026.

[24] Margo Schlanger, *Prisoners with Disabilities*, *in* Reforming Criminal Justice: Punishment, Incarceration, and Release, 295, 295–323 (Erik Luna ed., 2017).

[25] Laurin Bixby et al., *The Links Between Disability, Incarceration, and Social Exclusion*, 41, Health Affairs, 1460 (2022).

existing disabilities.[26] The physical and social environments of prisons and jails, characterized by high levels of stress and violence, are disabling.[27] Given the nonviolent nature of Ms. Jones' charges, a downward variance to a noncustodial sentence would allow her to avoid the disproportionate punishment that she would suffer in prison due to her medical conditions. While Ms. Jones understands that her health concerns do not excuse her conduct, they are relevant to the Court's consideration of a sentence that is sufficient, but not greater than necessary.

Ms. Jones recognizes that her conduct undermined the values she tried to instill in others and caused harm to both the public and those closest to her. She appears before this Court deeply remorseful and committed to rebuilding her life through lawful employment, continued service, and accountability.

### b.   Need to Afford Adequate Deterrence to Criminal Conduct (18 U.S.C. § 3553(a)(2)(B))

A noncustodial sentence involving strict conditions of home confinement will be sufficient but not greater than necessary to afford adequate deterrence to criminal conduct. According to the U.S. Department of Justice, "the certainty of being caught is a vastly more powerful deterrent than the punishment."[28] Recent

---

[26] *Id.*

[27] *Id.*

[28] U.S. Dep't of Just., *Five Things About Deterrence*, Nat'l Inst. Just. (2016) (citing Robert Sampson, *et al.*, *On the Robustness and Validity of Groups*, 20(1) J. of Quantitative Criminology 37–42 (2004) and Daniel Nagin, *et al.*, *Imprisonment and Reoffending*, 38 Crime and Just. 115–200 (2009)).

research has revealed that the speed and certainty of punishment, not its severity, deter crime; there is no evidence that the deterrent effect of punishment increases as the length of imprisonment grows.[29] This is because criminals rarely understand the specific punishments associated with the crimes they commit.[30] For Ms. Jones, the consequences of this prosecution alone, including public shame, a felony conviction, financial consequences, restitution obligations, and the permanent impact on her reputation and livelihood, have already been profound. Moreover, the certainty of prosecution, conviction, and substantial punishment serves the broader goal of general deterrence regardless of whether the sentence imposed includes incarceration. Under the circumstances here, a noncustodial sentence with strict conditions of home confinement would provide meaningful punishment, accountability, and deterrence without imposing a sentence greater than necessary to accomplish the goals of sentencing.

      c.      **Need to Protect the Public from Ms. Jones' Future Criminal Conduct (18 U.S.C. § 3553(a)(2)(C))**

A downward variance involving strict conditions of home confinement would be sufficient but not greater than necessary to protect the public from the potential for future criminal conduct, in the unlikely event it should occur. Ms. Jones has no criminal history, longstanding ties to her community, substantial family support, and a documented history of productive and charitable

---

[29] *Id.*

[30] *Id.*

involvement in the lives of others. Nothing before the Court suggests that Ms. Jones poses a danger to the public or presents a meaningful risk of recidivism. On the contrary, the collateral consequences of this conviction, combined with the financial, personal, and reputational impact of these proceedings, strongly support the conclusion that future criminal conduct is unlikely.

### d.    Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment (18 U.S.C. § 3553(a)(2))

#### 1.    Reflect the Seriousness of the Offense and Provide Just Punishment

Ms. Jones recognizes that the offenses before the Court are serious and warrant meaningful punishment. She further recognizes the Court's obligation to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Under the particular circumstances present here, including Ms. Jones' lack of criminal history, acceptance of responsibility, restitution payment, longstanding community involvement, and the significant collateral consequences she has already endured. Ms. Jones respectfully submits that a downward variance involving strict conditions of home confinement would satisfy those sentencing objectives without imposing a sentence greater than necessary, under 18 U.S.C. § 3553(a).

#### 2.    Promote Respect for the Law

Ms. Jones understands that respect for the law requires accountability and meaningful consequences for her conduct. She appears before this Court fully

aware that her actions caused harm and permanently altered the course of her life. Ms. Jones respectfully submits that a sentence involving strict conditions of home confinement would hold her accountable in a meaningful way without imposing a sentence greater than necessary to promote respect for the law.

### e. Substance Abuse and Mental Health Treatment or Vocational Training (18 U.S.C. § 3553(a)(2)(D))

Ms. Jones remains committed to self-improvement, lawful employment, community involvement, and compliance with any conditions imposed by this Court.  She is prepared to participate in counseling, financial education, or other rehabilitative programming that this Court believes is appropriate.

### f. Need to Avoid Unwarranted Sentencing Disparities (18 U.S.C. § 3553(a)(6))

A downward variance in this matter would also be consistent with the need to avoid unwarranted sentencing disparities. During the last five fiscal years, there were 645 defendants whose primary guideline was §2B1.1, with a Final Offense Level of 16 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure.[31] For the 554 defendants who received a sentence of imprisonment in whole or in part, the average length of imprisonment was fourteen months, and the median was fourteen months.[32] While each case must be evaluated on its facts, the national

---

[31] U.S. Sent'g Comm'n, *Judiciary Sentencing INformation*, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (Last Accessed May 11, 2026).

[32] *Id.*

sentencing data reflects that Courts frequently impose sentences below the advisory guideline range in comparable §2B1.1 cases involving first-time offenders.

## IV.    Letters in Support

Ms. Jones respectfully submits the attached letters in support of sentencing. Collectively, the letters describe a woman who, for many years prior to the offense conduct, served as a caregiver, mentor, source of support, and active participant with her church, family, and community.[33] These letters further reflect the profound impact these proceedings and the consequences of Ms. Jones' conduct have already had on Ms. Jones and those closest to her.[34]

## V.    Recommended Designation

In the event the Court imposes a custodial sentence, Ms. Jones respectfully requests a designation as close to her family and medical providers as practicable in light of her ongoing medical treatment and family support structure.

## VI.    Conclusion

After consideration of the factors set forth in 18 U.S.C. § 3553(a), Ms. Jones respectfully requests that this Court impose a downward variance involving strict conditions of home confinement.

---

[33] *See Ex.* Letters in Support.

[34] *Id.*

11

Date:        May 11, 2026

Respectfully Submitted,

*s/ Samuel Lenard Joseph*
Samuel Lenard Joseph, Esq.
Ga. Bar # 718641
sjoseph@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3650
Atlanta, GA 30303
O 404.496.4052 | F 866.819.7859
www.lowtherwalker.com

Attorney for Defendant
Tracy Denise Jones

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA      )
                                   )

     v.                            )       1:25-CR-00559-JPB-1
                                   )

TRACY DENISE JONES           )

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing

SENTENCING MEMORANDUM with the Clerk of the United States District

Court for the Northern District of Georgia by way of the CM/ECF system, which

automatically will serve this document on the attorneys of record for the parties

in this case by electronic mail.

Date:       May 11, 2026

                                   Respectfully Submitted,

                                   _**s/ Samuel Lenard Joseph**_
                                   Samuel Lenard Joseph, Esq.
                                   Ga. Bar # 718641
                                   sjoseph@lowtherwalker.com

                                   Lowther | Walker LLC
                                   101 Marietta St. NW, Ste. 3650
                                   Atlanta, GA 30303
                                   O 404.496.4052 | F 866.819.7859
                                   www.lowtherwalker.com